IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QUAN HUNG NGUYEN,

    Petitioner,

    v.                                   CASE NO. 17-3007-JWL

U. S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is detained under an order of removal entered by the immigration court in Kansas City, Missouri. Petitioner seeks immediate release from custody, asserting that his continued detention pending removal has exceeded the six-month period considered presumptively reasonable. The Court issued an Order to Show Cause (Doc. 2), Respondent filed an Answer and Return (Doc. 5), and Petitioner filed a Traverse (Doc. 8). On May 1, 2017, the Court entered an Order (Doc. 9) directing the parties to file status reports by May 15, 2017. Petitioner filed a status report (Doc. 10) on May 12, 2017; and Respondent filed a status report (Doc. 11) on May 15, 2017.

**I. Background**

Petitioner is a native and citizen of Vietnam who entered the United States as a lawful permanent resident on or about August 11, 2003, at or near Los Angeles, California. On May 21, 2015, Petitioner was convicted of Burglary in the 2nd degree in the 16th Judicial Circuit Court at Jackson County, Missouri, in Case No. 1416–CR01732, and was sentenced to a period of three years in the custody of the Missouri Department of Adult Institutions, concurrent to the sentence

1

he received in Case No. 0916–CR06566–01. On November 24, 2015, Petitioner was convicted of Burglary of a Non-dwelling in the District Court of Johnson County, Kansas, in Case No. 14CR2637, and was sentenced on February 1, 2016, to a period of 27 months in the custody of the Kansas Department of Corrections (underlying with probation granted), consecutive to the sentence he received in Case No. 0916–CR06566–01.

On March 9, 2016, U.S. Immigration and Customs Enforcement ("ICE") issued a Notice to Appear, charging Petitioner with removability under INA § 237(a)(2)(A)(ii) and § 237(a)(2)(A)(iii)[1] for having been convicted of (1) two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct; and (2) an aggravated felony, a crime of violence for which the term of imprisonment ordered is at least one year. Petitioner was taken into custody by ICE Officials on March 9, 2016. On March 10, 2016, Petitioner was served with a copy of the Notice to Appear, with the hearing to be scheduled at a later date and time.

On March 14, 2016, the Immigration Court issued a Notice of Hearing in Removal Proceedings, scheduling a hearing for March 23, 2016. On March 23, 2016, an Immigration Judge denied the request for a change in custody status and Petitioner waived the right to appeal this decision. The Immigration Court issued an additional Notice of Hearing in Removal Proceedings on March 23, 2016, scheduling a second hearing for April 28, 2016, for Petitioner to enter pleadings. On April 28, 2016, Petitioner admitted the allegations in the Notice to Appear and conceded his removability. The Immigration Court scheduled another hearing for May 26, 2016, for Petitioner to file any applications for relief from removal. On May 26, 2016, Petitioner's attorney withdrew. The Immigration Court scheduled a hearing for June 13, 2016, for Petitioner to file any application for relief.

---

[1] 8 U.S.C. §1227(a)(2)(A)(ii) and (iii).

On June 13, 2016, the Immigration Court issued a final Notice of Hearing, scheduling a hearing for June 30, 2016, to take testimony and make a final decision in Petitioner's case. On June 30, 2016, Petitioner was ordered removed by the Immigration Judge, and Petitioner waived his right to appeal. A copy of the decision was sent to Petitioner on the same date. The Order of Removal became administratively final on June 30, 2016.

Vietnam requires a travel document or a passport for repatriation of their citizens. On July 8, 2016, Petitioner was questioned, through a language line interpreter, about providing a passport to ICE Officials. Petitioner claimed to not have a passport and was allowed to complete a self-declaration form, in his native language, while at the Kansas City ICE Enforcement and Removal Office ("ERO"). The form would be later translated by the Language Services Section at the U.S. Citizenship and Immigration Services. This document is requested from the Government of Vietnam.

On July 8, 2016, Deportation Office Rita Lasker ("DO Lasker") served Petitioner a Notice to Alien of File Custody Review and Warning for Failure to Depart with Instruction Sheet. Both documents were explained and served using a language line interpreter.

On July 27, 2016, DO Lasker sent a travel document request to ICE ERO Headquarters ("HQ"). The original self-declaration form was later requested by ICE ERO HQ unit, which DO Lasker sent on September 1, 2016.

On September 27, 2016, DO Lasker conducted a Post Order Custody Review ("POCR") and determined that Petitioner should continue to remain in ICE custody based on the pending request for a Vietnam travel document, and also due to his past criminal history. On September 30, 2016, a Warrant of Removal/Deportation was issued for Petitioner.

On October 3, 2016, the Assistant Field Office Director and the Field Office Director signed the decision to continue custody, and a Decision to Continue Detention was entered. Petitioner was served with the Decision to Continue Detention on October 5, 2016.

On December 19, 2016, DO Lasker completed a transfer checklist and forwarded it to ICE ERO HQ for Petitioner's 180-day POCR. ICE ERO HQ decided to continue detention based on the fact that the request is pending with the Government of Vietnam. The Decision to Continue Detention was entered on January 10, 2017, and served on Petitioner on January 19, 2017.

ICE ERO HQ advised Kansas City ERO that three individuals from the Vietnam Government would be traveling to Miami, Florida, from Vietnam, to conduct approximately 100 interviews. These interviews were for detainees claiming to be a national or to have citizenship in Vietnam, who are listed for repatriation, and who are in need of a travel document. The interviews were scheduled to take place starting March 20, 2017, and concluding on April 31, 2017. Travel from the Kansas City area to the Miami ICE ERO area was arranged for March 16, 2017, in order to present Petitioner for an interview. Petitioner states that he had his interview in Miami, and the Vietnamese Agent told Petitioner that Vietnam is not accepting him.

On March 31, 2017, a travel document was issued for Petitioner and uploaded into the electronic travel document system on that same date. On April 13, 2017, the travel document was printed and received by the Kansas City ICE ERO, and the ICE ERO Headquarters Removal and International Operations Unit advised to proceed with a commercial removal versus an ICE operated charter flight.

Travel arrangements are tentatively set for Petitioner to board a commercial flight to Vietnam on July 11, 2017. Deportation Officers will escort Petitioner from the United States to

Vietnam, which requires country clearance and possibly visa processing for the officers. The Government of Vietnam requires thirty business days for notification of a removal with an additional five business days for processing the notification. The Government of Vietnam allows only one deportee on an incoming flight per day. Earlier dates were unavailable due to those restrictions. Travel arrangements with ticketed itineraries, country clearance, and notifications were pending as of May 15, 2017.

## II. Discussion

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To obtain habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U. S. C. § 2241(c)(3). The federal district courts have habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.") (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

Under 8 U.S.C. § 1226, the Attorney General may arrest and detain an alien pending a determination of whether the alien is to be removed from the United States. Detention during this "pre-removal period" is considered definite because it terminates upon the immigration court's removal decision. *Demore*, 538 U.S. at 529. Upon the entry of a final removal order, the matter enters the "removal period," and the statutory authority for detention shifts to 8 U.S.C. § 1231. Under § 1231, the removal period begins on the latest of: (1) the date the order of removal becomes administratively final; (2) if the removal order is judicially reviewed, and the

court orders a stay of removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). An order of removal is administratively final upon "a determination by the Board of Immigration Appeals affirming such order." 8 U.S.C. § 1101(a)(47)(B)(i).

After an order of removal becomes administratively final, the Attorney General "shall detain the alien" during the 90-day removal period established under 8 U.S.C. § 1231(a)(2). *See Zadvydas*, 533 U.S. at 683; *Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005). Generally, the government is required to remove the alien held in its custody within the 90-day removal period. *See* 8 U.S.C. § 1231(a)(1)(A)–(B).

While the government may detain an "inadmissible" or criminal alien beyond the statutory removal period, *see* 8 U.S.C. § 1231(a)(6),[2] the government may not detain such an alien indefinitely. *Zadvydas*, 533 U.S. at 699. Instead, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *Id*. at 701. Beyond that period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. Furthermore, as the period of detention grows, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The six-month presumption does not mean that every alien must be released after

---

[2] Section 1231(a)(6) provides that:
> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order or removal, may be detained beyond the removal period and, if released, shall be subject to terms of supervision in paragraph (3).

Petitioner's removal was under § 1227(a)(2)(A)(ii) and (iii).

that time, but rather an alien may be detained "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*.

The order for Petitioner's removal became administratively final on June 30, 2016. Although Petitioner has been detained in excess of the presumptively reasonable six-month period, he must show that there is no significant likelihood of removal within the reasonably foreseeable future.

Petitioner has met the initial burden under *Zadvydas* by showing, at the time he filed this action on January 11, 2017, that he had been held for more than six months following the order of removal without any apparent likelihood of removal in the foreseeable future. The burden therefore shifted to Respondents to rebut that showing. Respondents have met that burden by showing that Petitioner's travel documents were issued on March 31, 2017, and a tentative travel plan is in place to remove Petitioner on July 11, 2017.

Because there is a significant likelihood of removal in the reasonably foreseeable future, the Court finds that Petitioner is not entitled to habeas corpus relief at this time. However, the Court directs the parties to file status reports with the Court by June 21, 2017.

**IT IS THEREFORE BY THE COURT ORDERED** that the parties shall file a joint status report or separate status reports by **June 21, 2017.**

**IT IS SO ORDERED**.

Dated this 18th day of May, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**